### MARY CHILDS v. JAY J. PERRY ET AL.

1. SECTION 1230b RELATING TO SHERIFF'S FEES UNCONSTITUTIONAL.

The act of April 25, 1898, 93 O. L. 426, Sec. 1230b Rev. Stat., relating to fees and compensation of sheriff in counties of 22,500 or more, is a law of a general nature which does not apply to several counties of the state, and is therefore in conflict with Sec. 26, Art. 2, Const., providing that all laws of a general nature shall have a uniform operation throughout the state.

2. SHERIFF NOT ENTITLED TO POUNDAGE ON MORTGAGE SALE.

A sheriff is not entitled to poundage on sheriff's sale under mortgage foreclosure proceedings where the property is bid in by plaintiff for less than the amount of her mortgage lien and where the purchase price is paid for in such lien in part.

ERROR to Erie common pleas court.

**Malcolm Kelley,** for plaintiff in error.

**E. B. King** and **G. C. Beis,** for defendants in error.

HULL, J.

The real party defendant in error is Henry Foster, present sheriff. This case is brought to this court on a petition in error to reverse the order of the court of common pleas overruling a motion to retax costs.

The matter was heard below on an agreed statement of facts. It appears from that, that the action was brought by the plaintiff to foreclose a mortgage; that there was due on her mortgage $9,858.18; that

she had the first lien on the premises in question; the property was sold by the sheriff and bid in by the plaintiff for $8,000; the sale was confirmed and the plaintiff paid in no part of the purchase money to the sheriff, her lien amounting to over $1,800 more than the purchase price, her bid. There was taxed poundage for the sheriff at 1 per cent on the amount of sale, to wit, $80. This was taxed under Sec. 1230b Rev. Stat. which provides for the fees of sheriffs in all counties having a population of 22,500 or more at the last federal census, and it is admitted in the agreed statement of facts that this county at the last federal census had a population of 22,500 and more, and that Ashland county, Geauga county, Harrison county and Noble county, and several other counties of the state had at the last federal census less than 22,500 population.

The plaintiff claims that this section of the statutes is unconstitutional, for the reason that it was not of uniform operation throughout the state, and that therefore its provisions are void, and that the sheriff must go to the general statute on this subject, to wit, Sec. 1230 Rev. Stat. If Sec. 1230b Rev. Stat. is constitutional the sheriff has the right to these costs, amounting to $80. If it is unconstitutional, he does not have the right to them.

The general statute, the one that has existed for many years, Sec. 1230 Rev. Stat., provided on the question of poundage as follows:

" The fees and compensation of sheriffs shall be as follows: " (Then omitting a part of the statute) " poundage on all moneys actually made and paid to the sheriff on execution, decree or sale of real estate (except on writs for the sale of real estate in partition), one and a half per centum on the first thousand dollars, and one per centum on all sums over one thousand dollars; but when such real estate is bid off and purchased by a party entitled to a part of the proceeds, the sheriff shall not be entitled to any poundage except on the amount over and above the claims of such party."

The fees and compensation of the sheriff generally are provided for in this section, which applies to all of the counties of the state.

Section 1230b Rev. Stat. is found in 93 O. L. 426, and was passed April 25, 1898. The caption of the section is, "Fees and compensation of sheriff in counties of 22,500 or more." It provides as follows in regard to poundage:

" In all counties which at the last preceding federal census had a population of twenty-two thousand five hundred or more, and for which there is no provision made by law for the payment of the sheriff, he shall receive the following fees and compensation: * * * Poundage upon the amount of all sales (except in writs for the sale of real estate in

partition) made by the sheriff on executions, decree, or sale of real estate one per centum thereof."

The general statute gave poundage only on all moneys actually made and paid to the sheriff on sales, while there is a provision, as will be observed, in the section for poundage on the amounts of all sales, regardless of the money made, or paid to the sheriff.

Is this Sec. 1230b in conflict with Sec. 26, Art. 2 of the constitution of the state which provides that all laws of a general nature shall have a uniform operation throughout the state?

In State v. Yates, 66 Ohio St. 546 [64 N. E. Rep. 570], the Supreme Court say in the syllabus:

"County officers are not local officers, but are a part of the permanent organization of the government of the state, and the subject of compensation to county officers is not local in its nature, and an act of the general assembly upon that subject is a law of a general nature which must operate uniformly throughout the state. Pearson v. Stephens, 56 Ohio St. 126, overruled."

The question is discussed fully by Judge Davis in the opinion, and many former decisions referred to. This case came up from Pickaway county, an act had been passed fixing the salaries of the various officers in Pickaway county. Judge Davis in the opening paragraph of his opinion says, page 548:

"These acts are undeniably special; and, to us at least, it seems almost as manifest that their subject-matter is of a general nature, and that neither of them contains the attributes of legitimate local legislation. They are special, because they are in terms restricted in their operation to Pickaway county. They are of a general nature, because the subject of legislation is a matter of general concern to the state, and to every county in the state and to the inhabitants thereof. Kelley v. State, 6 Ohio St. 272. They are not legitimate local bills, because the subject-matter is not peculiar to the localities named and it does not appear that there was any necessity for such legislation either in time, place or circumstance. Having said this, we have said, in substance, all that needs to be said to dispose of this case; but in deference to the authority which is urged in support of the contention of the defendant in error, we will be more explicit."

The statute in question does not relate to a salary, but to the fees of the sheriff, a county officer. The same principle, however, applies as would apply were it a salary instead of fees, which are paid by the litigants, while a salary is paid by the county. It is clear that this law is of

a general nature, and therefore should operate uniformly throughout the state.

As this law is framed it could not apply to several counties in the state, there being some ten or twelve of less than 22,500 population at the last federal census; among them, Ottawa, our neighboring county on the west. The statute does not provide that it shall apply to counties which may hereafter arrive at a population of 22,500, but is restricted in its application absolutely to those which had such a population at the last federal census preceding.

This law does not have a uniform application throughout the state. It is difficult to see how it can be claimed that a law which does not apply to ten or a dozen of the eighty-eight counties in the state has a uniform application throughout the state.

The term "uniform application" is defined by Judge Burket in State v. Spellmire, 67 Ohio St. 77 [65 N. E. Rep. 619], as "universal." Certainly this statute does not have a *universal* operation throughout the state.

Under the recent decisions of the Supreme Court, this statute is clearly unconstitutional; it is in violation of Sec. 26, Art. 2 of the constitution of the state. It is difficult to conceive of any reason why such a law should have been passed. It is unreasonable and unjust as well as unconstitutional. There is no reason why the fees of the sheriff, for the same services, should not be the same in every county of the state. Why should the sheriff of Erie county be entitled to $80 costs in a foreclosure proceeding because the land happens to lie in this county, while in Ottawa, an adjoining county, the sheriff would be entitled to nothing for the same service?

The judgment therefore is reversed, and the case remanded to the court of common pleas, with directions to retax costs by striking out the general item of poundage to the sheriff and taxing the costs according to the general statute, Sec. 1230 Rev. Stat.

**Parker** and **Haynes, JJ.,** concur.